UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.:  CR02-132-TSZ |
| ) | & CR03-073-TSZ |
| Plaintiff, ) | |
| ) | |
| v. ) | SUMMARY REPORT OF U.S. |
| ) | MAGISTRATE JUDGE AS TO |
| MARY LOU HOWARD, ) | ALLEGED VIOLATIONS |
| ) | OF SUPERVISED RELEASE |
| Defendant. ) | |

An evidentiary hearing on supervised release revocation in this case was scheduled before me on June 13, 2005. The United States was represented by AUSA Leonie G. H. Grant and the defendant by Jeffrey Needle. The proceedings were recorded on cassette tape.

Defendant had been sentenced on or about August 16, 2002 in case number CR02-132 by the Honorable Thomas S. Zilly on charges of Conspiracy to Defraud the U.S. Department of Treasury through the Internal Revenue Service. She was sentenced to 10 Months Custody, 3 years Supervised Release.

The conditions of supervised release included requirements that defendant comply with all local, state, and federal laws and with the standard conditions of supervision. Other special conditions included no unlawful use of controlled substances, no firearms, mandatory drug testing, participate in a mental health program, submit to search, restitution in the amount of $18,475.99, provide probation officer with access to financial information, disclose all assets and liabilities, no

new credit, maintain a single checking account, provide business records if engaged in a business, provide information to Internal Revenue Service to determine correct tax liability, and cooperate with Child Protective Services at the direction of the probation officer.

On October 28, 2002, the defendant's probation officer filed a report indicating that she had failed to voluntarily surrender to the Federal Detention Center as required. A warrant was issued, the defendant was arrested, and remanded to custody. She was charged in case number 03-73 with knowingly and willingly failing to surrender for service of sentence. She pled guilty and was sentenced on May 9, 2003 to two months in custody, to be served concurrently with the ten month sentence in 02-132, plus two years supervised release. Conditions of supervised release included two months in a community corrections center upon release from custody.

After serving her custodial time, the defendant was released to Pioneer Fellowship House, a community corrections center, for prerelease programming on October 31, 2003. She was scheduled for full community release on December 31, 2003, but failed to secure employment or to submit an acceptable release plan to allow her full release on community supervision.

The conditions of supervised release were modified with the defendant's agreement on December 31, 2003 to require defendant to reside in and satisfactorily participate in a community corrections center to include a prerelease component and day reporting program participation, if deemed appropriate, for up to 120 days or until discharged by the community corrections manager or probation manager.

On March 22, 2004, defendant admitted to violating the conditions of her supervised release by failing to successfully complete a 120 day community corrections placement as ordered by the Court on December 31, 2003. Defendant was sentenced to 3 months in custody followed by 3 months in a half way house.

On August 31, 2004, the defendant's probation officer filed a report alleging that defendant violated the conditions of her supervised release by:

1. Failing to successfully complete the 90 day community corrections center

placement.

The resulting warrant was quashed and re-issued, and a second warrant was issued upon the report of defendant's probation officer that defendant had violated the conditions of supervised release by:

2. Committing another federal state or local crime in violation of her standard conditions of supervised release.

Defendant was advised in full as to the charges and as to her constitutional rights.

Defendant admitted the alleged violations and waived any evidentiary hearing as to whether they occurred.

I therefore recommend the Court find defendant violated her supervised release as alleged and that the Court conduct a hearing limited to the issue of disposition. The next hearing will be set before Judge Zilly.

Pending a final determination by the Court, defendant has been detained.

DATED this 14th day of June, 2005

Mary Alice Theiler
United States Magistrate Judge

cc:     District Judge:         Honorable Thomas S. Zilly
        AUSA:                   Leonie G. H. Grant
        Defendant's attorney:   Jeffrey Needle
        Probation officer:      Burton E. Maroney

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS TO
ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE 3